IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CR-08-94-M |
| ) | |
| STANLEY REMOND HARRIS, a/k/a ) | |
| STANLEY REMOND HARRIS, JR., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court is defendant's Motion to Suppress Evidence Obtained as a Result of an Illegal Search and Seizure, filed July 21, 2008. On July 30, 2008, the government filed its response. On October 1, 2008, the Court conducted a hearing on the motion to suppress.[1] Having reviewed the parties' submissions, and having heard the evidence presented, the Court makes its determination.

I.   Factual Background[2]

On April 23, 2008, the Oklahoma Metro Fugitive Squad served a federal arrest warrant for defendant. At approximately 9:00 a.m., six deputy marshals went to defendant's residence at 3405 Wright Avenue in Spencer, Oklahoma, to serve the warrant. The deputy marshals knocked on the front door and the front window for approximately two minutes in an attempt to get someone to answer the door. When there was no response, Carson directed McNeil to use his vehicle's PA system to call into the house.

---

[1] At the hearing, Deputy United States Marshal Steve Carson ("Carson"), Deputy United States Marshal Charles McNeil ("McNeil"), Justin Holbert, an Alcohol, Tobacco, Firearms, and Explosives ("ATF") agent, and defendant testified.

[2] This factual background is based upon the evidence presented at the hearing.

As McNeil got on the PA, defendant opened the front door. Carson informed defendant they were with the United States Marshal service and asked defendant to open the burglar bars on the front door. Defendant opened the burglar bars, and Carson stepped approximately three feet into defendant's residence, told defendant he had a warrant for defendant's arrest, and began to handcuff him.

While Carson was arresting defendant, the other deputy marshals conducted a "protective sweep" of defendant's residence. While inside, the other deputy marshals saw a shotgun, some marijuana, digital scales, a syringe, and a pot with white residue in it. Based upon the observation of these items, a search warrant was obtained later that afternoon. ATF agents executed the search warrant and found not only the previously mentioned shotgun and drug paraphernalia, but also a Ruger handgun, various amounts of ammunition, approximately 2.2 pounds of cocaine, and $28,000 in cash.

II.     Discussion

Defendant asserts that the "protective sweep" was illegal and all evidence obtained from the "protective sweep" should be suppressed. "A 'protective sweep' is a quick and limited search of premises, incident to an arrest and conducted to protect the safety of police officers or others. It is narrowly confined to a cursory visual inspection of those places in which a person might be hiding." *Maryland v. Buie*, 494 U.S. 325, 327 (1990). A protective sweep is permissible under the Fourth Amendment "if the searching officer possesse[d] a reasonable belief based on specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant[ed] the officer in believing that the area swept harbored an individual posing a danger to the officer or others." *Id.* at 327 (internal quotations and citations omitted).

Having heard the evidence presented at the hearing, the Court finds the government has not met its burden of showing that the deputy marshals possessed a reasonable belief based on specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warranted them in believing that defendant's residence harbored an individual posing a danger to them or others.  At the hearing, Carson, the deputy marshal who was in charge of the arrest, testified that prior to arriving at defendant's residence, he had no information that anyone else was living at defendant's residence or that anyone else would be there at the time they would be serving the arrest warrant.  Carson further testified that while knocking at the front door, he did not get any indication that anyone else was inside the residence.  Carson also testified that he had no information that defendant was involved with a gang.  While McNeil did testify regarding some indicators that another individual could be inside the residence – the fact that there were two vehicles behind the residence, defendant's connection with a gang, and possible drug activity based on the presence of the burglar bars – Carson specifically contradicted this testimony by stating that defendant had no connection with a gang and that the presence of the second vehicle did not indicate to him that another individual would be inside the residence.  In light of this contradictory testimony, as well as Carson's repeated testimony that he had no information that anyone else was in the residence at the time of the arrest, the Court finds the "protective sweep" of defendant's residence conducted by the deputy marshals violated the Fourth Amendment.

Because the "protective sweep" of defendant's residence was unlawful and because the affidavit in support of the search warrant was based primarily upon the evidence discovered as a result of the unlawful "protective sweep," the Court, therefore, finds that any evidence discovered

as a result of the search warrant is fruit of the poisonous tree and should be suppressed under *Wong Sun v. United States*, 371 U.S. 471, 485-488 (1963).

III.    Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS defendant's Motion to Suppress Evidence Obtained as a Result of an Illegal Search and Seizure [docket no. 25] and SUPPRESSES all evidence which was obtained during and as a result of the illegal "protective sweep" of defendant's residence conducted on April 23, 2008.

**IT IS SO ORDERED this 6th day of October, 2008.**

*[Signature]*
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE