# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| vs. | ) | Case No. CR-08-94-M |
| | ) | (CIV-10-78-M) |
| STANLEY REMOND HARRIS, | ) | |
| | ) | |
| Defendant-Movant. | ) | |

## **ORDER**

Defendant-Movant Stanley Remond Harris ("Harris"), a federal prisoner, filed a "Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody" on January 25, 2010. On February 23, 2010, plaintiff-respondent United States of America filed its response, and on March 4, 2010, Harris filed a reply.

I.  Introduction

On April 15, 2008, a one-count Indictment was returned by the grand jury in the Western District of Oklahoma, charging Harris with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On August 6, 2008, a four-count Superseding Indictment was returned charging Harris with the following three additional counts: (1) felon in possession of a firearm and ammunition (Count 2); (2) felon in possession of body armor (Count 3); and (3) possession with intent to distribute cocaine (Count 4).[1]

On October 22, 2008, Harris completed a Petition to Enter Plea of Guilty, and on November 5, 2008, the Court conducted a change of plea hearing. Prior to sentencing, a presentence investigation report was prepared, to which Harris objected. On March 18, 2009, the Court

---

[1]The three additional counts were ultimately dismissed as a result of the Court's suppression of certain evidence.

conducted a sentencing hearing and sentenced Harris to a term of 120 months' imprisonment, followed by three years' supervised release, a fine of $14,000.00, and a $100.00 special assessment. Harris did not appeal from this judgment and sentence.

II.  Discussion

As the basis for his § 2255 motion, Harris asserts that his counsel rendered ineffective assistance of counsel when he negotiated the plea in this case. To prevail on a claim of ineffective assistance of counsel, Harris must first show:

> [his] counsel's performance was constitutionally deficient, i.e., it fell below an objective standard of reasonableness. To make this showing, [movant] must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance that might be considered sound trial strategy. Second, he must demonstrate there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different.

*Moore v. Reynolds*, 153 F.3d 1086, 1096 (10th Cir. 1998); *see also Strickland v. Washington*, 466 U.S. 668 (1984). A court is not required to address both components of the test if the movant makes an insufficient showing on one, and, thus, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697.

Harris bears the burden of identifying specific acts or omissions of counsel which were not "the result of reasonable professional judgment." *Id.* at 690. Conclusory allegations are insufficient to support an ineffective assistance of counsel claim. *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).

A.  Prediction of sentence

Throughout his motion, Harris asserts that his counsel misadvised and misinformed him regarding the potential sentence he would receive by pleading guilty and that said advice led Harris into entering his plea. The Tenth Circuit, however, has held that a "miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel." *United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993). Further, the Tenth Circuit has held that "[a]n erroneous sentence estimate by defense counsel does not render a plea involuntary." *Wellnitz v. Page*, 420 F.2d 935, 937 (10th Cir. 1970). Accordingly, even if the Court assumes that Harris' claim that his counsel guaranteed him a sentence between 57-71 months' imprisonment is true[2], the Court finds such alleged erroneous advise does not constitute constitutionally deficient performance rising to the level of ineffective assistance of counsel.[3] The Court, therefore, finds that Harris is not entitled to relief on this basis.

B.  Failure to explain the United States Sentencing Guidelines

Harris also asserts that his counsel failed to explain how the United States Sentencing Guidelines ("USSG") applied to his case. Specifically, Harris asserts that his counsel failed to explain to him that the USSG's provision regarding relevant conduct would apply to his case and have an impact on his sentence. Harris' responses to the statements set forth in the Petition to Enter

---

[2]Because the resolution of the disputed issue of fact as to whether Harris' counsel guaranteed him a certain sentence has no impact on the Court's determination of this basis for relief, no evidentiary hearing is necessary.

[3]The Court would note that in his motion and reply, Harris recognizes that this ground for relief is not supported by the case law and states a number of times that the "erroneous sentence estimation" claim is not the controlling argument.

3

Plea of Guilty, however, refute the above assertions.[4] Under Section D Sentencing Guidelines and Other Sentencing Considerations, Harris responded as follows:

> 25. In determining an appropriate sentence for a federal crime, the judge must consider the Sentencing Guidelines developed by the United States Sentencing Commission. The Sentencing Guidelines are advisory in nature, not mandatory. The judge must consider imposing a sentence within the range established by the Sentencing Guidelines, but the judge may impose a sentence either above or below that range. Do you understand this? Yes _X_ No ___
>
> 26. In calculating the range of sentence under the advisory Sentencing Guidelines, the judge will take into account all conduct, circumstances, and injuries associated with your criminal conduct, whether or not this conduct is formally charged by the government. The judge will consider all relevant conduct at the time of sentencing even though you are pleading guilty to fewer than all counts in the Indictment or Information. Do you understand this? Yes _X_ No ___

Petition to Enter Plea of Guilty [docket no. 50] at 6.

In light of Harris' responses to the above questions, the Court finds that Harris' counsel was not ineffective for failing to explain how the USSG applied to his case. Accordingly, the Court finds that Harris is not entitled to relief on this basis.

C.  Failure to obtain plea agreement

Harris also appears to assert that his counsel was ineffective because no plea agreement was entered into in this case. Having carefully reviewed the parties' submissions, as well as the court file, the Court finds that Harris has not shown that his counsel's failure to obtain a plea agreement in this case fell below an objective standard of reasonableness. Additionally, the Court finds that

---

[4]The Court would note that Harris signed the Petition to Enter Plea of Guilty under penalty of perjury.

Harris has not shown that there is a reasonable probability that, but for his counsel's failure to obtain a plea agreement, the outcome of the proceedings would have been different. Accordingly, the Court finds that Harris' counsel was not ineffective for failing to obtain a plea agreement in this case. The Court, therefore, finds that Harris is not entitled to relief on this basis.

    D.    Miscellaneous ineffective assistance claims

Finally, Harris makes a number of general, conclusory claims regarding how his counsel was ineffective at the pre-trial stage in negotiating the plea. Specifically, Harris asserts his counsel: (1) failed to adequately explain the consequences of pleading guilty; (2) misrepresented the connotations of pleading guilty; (3) allowed Harris to plead guilty on a false premise; and (4) made unfulfillable promises. Harris, however, does not provide any specific acts or omissions of his counsel relating to these conclusory claims of ineffectiveness. Conclusory allegations are insufficient to support an ineffective assistance of counsel claim. *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994). Accordingly, the Court finds that Harris is not entitled to relief based upon these miscellaneous, general, conclusory claims of ineffective assistance of counsel.

III.    Evidentiary Hearing

As set forth above, Harris' motion does not set forth a basis for relief from his conviction and sentence. Because that conclusion is conclusively shown from the record and from the nature of Harris' claims, the Court finds there is no need for an evidentiary hearing on this motion. *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995); *United States v. Marr*, 856 F.2d 1471 (10th Cir. 1988); 28 U.S.C. § 2255.

IV.     Conclusion

Accordingly, for the reasons set forth above, the Court DENIES Harris' "Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody."

**IT IS SO ORDERED this 21st day of July, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE