**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

UNITED STATES OF AMERICA,      )
                                    )
           Plaintiff-Respondent,    )
                                    )
vs.                               )     Case No. CR-08-94-M
                                  )        (CIV-16-682-M)
STANLEY REMOND HARRIS,       )
                                    )
          Defendant-Movant.      )

**<u>ORDER</u>**

Defendant-Movant Stanley Remond Harris ("Harris"), a federal prisoner, filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 on June 17, 2016. On August 9, 2016, defendant-movant United States of America filed its response, and on September 1, 2016, Harris filed his reply.

I.    <u>Factual and Procedural Background</u>

On April 15, 2008, Harris was charged by indictment with violating 18 U.S.C. § 922(g)(1), felon in possession of a firearm. On November 5, 2008, Harris entered a plea of guilty to the indictment without a written plea agreement. On February 18, 2009, the Federal Probation Office issued Harris' revised Presentence Investigation Report ("PSR") with addendum added. The probation officer determined that the base offense level was 24 pursuant to United States Sentencing Guidelines ("USSG") § 2K2.1(a)(2)[1] based on Harris' two prior Oklahoma state convictions for (1) robbery with a firearm, and (2) escape from arrest or detention. Harris objected to the application

---

[1]USSG § 2K2.1(a)(2) provides for a base offense level of 24 "if the defendant committed any part of the instant offense subsequent to sustaining two felony convictions of either a crime of violence [as defined in USSG § 4B1.2(a)] or a controlled substance offense."

of § 2K2.1(a)(2)[2], and the probation officer responded by relying upon the residual clause of § 4B1.2(a)(2) and *United States v. Springfield*, 196 F.3d 1180 (10th Cir. 1999). After a two level increase for possession of three firearms pursuant to USSG § 2K2.1(b)(1)(A), a four level increase for possession of firearms in connection with the felony offense of possession with intent to distribute cocaine pursuant to USSG § 2K2.1(b)(6), and a three level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(a)-(b), Harris' total offense level was 27. Harris' criminal history category was calculated to be IV, resulting in an advisory guideline range, capped by statute, of 100 to 120 months of imprisonment.[3]

On March 18, 2009, the Court overruled Harris' objection to the career offender enhancement and sentenced Harris to a term of imprisonment of 120 months, followed by a period of three years of supervised release. Harris filed a notice of appeal and subsequently moved to dismiss his appeal pursuant to Federal Rule of Appellate Procedure 42. On April 23, 2009, the Tenth Circuit Court of Appeals dismissed Harris' direct appeal.

On January 25, 2010, Harris filed a § 2255 motion, in which he alleged ineffective assistance of counsel during pretrial negotiations. This Court denied Harris' § 2255 motion, and Harris appealed. On December 8, 2010, the Tenth Circuit denied Harris a certificate of appealability and dismissed his appeal. On December 29, 2010, Harris filed a second and subsequent § 2255 motion, in which he sought to modify his sentence based on the theory the Court relied on suppressed evidence during sentencing. This Court transferred the motion to the Tenth Circuit in accordance

---

[2]In his objection, Harris asserted that based upon the facts of the escape, his escape conviction was not a crime of violence.

[3]Without use of the residual clause of § 4B1.2(a)(2), Harris' base offense level would be 14, resulting in an advisory sentencing guideline range of 37-46 months.

with 28 U.S.C. § 1631, and on January 26, 2011, the Tenth Circuit denied Harris authorization to file a second or subsequent petition.

On March 26, 2012, Harris filed a motion pursuant to Federal Rule of Civil Procedure 60(b), seeking leave to reopen his § 2255 proceeding. This Court denied Harris' motion, and Harris appealed. On September 12, 2014, the Tenth Circuit denied Harris a certificate of appealability and dismissed the appeal. On September 16, 2015, Harris filed a motion to reduce sentence based upon Amendment 782 to the USSG. This Court denied Harris' motion, finding that Amendment 782 did not affect Harris' guideline range which was determined by § 2K2.1.

Following the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), Harris moved for appointment of counsel to assist in preparing a § 2255 motion. Counsel was appointed to represent Harris. Harris filed a motion for authorization to file a second or subsequent § 2255 motion with the Tenth Circuit, and on May 23, 2016, the Tenth Circuit granted Harris authorization. On June 17, 2016, Harris filed the instant § 2255 motion.

II.    Discussion

Harris asserts that he is entitled to relief under *Johnson* because his sentence was increased based upon the residual clause of the USSG and requests that this Court vacate his current sentence and re-sentence him without application of the residual clause. The government contends that Harris' *Johnson* claim is procedurally defaulted. The government also contends that Harris' *Johnson* claim is untimely because *Johnson* does not apply retroactively to cases challenging the residual clause of the USSG on collateral review.

In *Johnson*, the United States Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") defining "violent felony" was unconstitutionally vague. *See*

*Johnson*, 135 S. Ct. at 2557.  In *Welch v. United States*, 136 S. Ct. 1257 (2016), the United States Supreme Court made *Johnson's* holding retroactive to cases on collateral review.

The residual clause of the ACCA is virtually identical to the residual clause of the USSG.[4] The Tenth Circuit has held that *Johnson's* vagueness holding applies equally to the USSG on direct appeal.  *See United States v. Madrid*, 805 F.3d 1204 (10th Cir. 2015).  In reaching its holding, the Tenth Circuit found:

> The concerns about judicial inconsistency that motivated the Court in *Johnson* lead us to conclude that the residual clause of the Guidelines is also unconstitutionally vague.  If one iteration of the clause is unconstitutionally vague, so too is the other.  Given our reliance on the ACCA for guidance in interpreting §4B1.2, it stretches credulity to say that we could apply the residual clause of the Guidelines in a way that is constitutional, when courts cannot do so in the context of the ACCA.
>
> That the Guidelines are advisory, and not statutory, does not change our analysis.  The Supreme Court has held that the Guidelines are subject to constitutional challenge "notwithstanding the fact that sentencing courts possess discretion to deviate from the recommended sentencing range."  Further, the Guidelines are the mandatory starting point for a sentencing determination; a district court can be reversed for failing to correctly apply them despite the ability to later deviate from the recommended range.  Because the Guidelines are the beginning of all sentencing determinations, and in light of the "unavoidable uncertainty and arbitrariness of adjudication under the residual clause," we hold that the residual clause of § 4B1.2(a)(2) is void for vagueness.

---

[4]The residual clause of the ACCA provides that a violent felony is a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(c)(2)(B)(ii).  The residual clause of the USSG provides that a crime of violence is an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another."  USSG § 4B1.2(a)(2).

*Id.* at 1210-11 (internal citations omitted). Neither the Tenth Circuit nor the United States Supreme Court has addressed whether *Johnson* applies retroactively to cases challenging the residual clause of the USSG on collateral review.

A.      Procedural default

The Court will first address the government's assertion that Harris' *Johnson* claim is procedurally defaulted. Generally, "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003) (internal citations omitted). It is undisputed that Harris did not raise his current *Johnson* claim on direct appeal. However, Harris can overcome this procedural default if he can show cause for the default and actual prejudice. *See Sanchez-Llamas v. Oregon*, 548 U.S. 331, 351 (2006).

A defendant can show cause for his procedural default if he can demonstrate that (1) his claim was so novel that its legal basis was not reasonably available to counsel; (2) his counsel rendered constitutionally ineffective assistance; or (3) the constitutional error has probably resulted in the conviction of one who is actually innocent. *See United States v. Wiseman*, 297 F.3d 975, 979 (10th Cir. 2002). The United States Supreme Court has held that a constitutional claim is not "reasonably available" if the Supreme Court decision establishing that claim: (1) explicitly overrules other Supreme Court precedent; (2) overturns a longstanding and widespread practice to which the Court has not spoken but which a near-unanimous body of lower court authority has expressly approved; or (3) disapproves a practice that the Supreme Court has sanctioned in prior cases. *See Reed v. Ross*, 468 U.S. 1, 17 (1984).

Having carefully reviewed the parties' submissions, the Court finds that Harris' *Johnson* claim meets all three criteria. First, in *Johnson*, the Supreme Court expressly overruled prior Supreme Court precedent. *Johnson*, 135 S. Ct. at 2563 ("Our contrary holdings in *James* and *Sykes* are overruled."). Second, the *Johnson* decision overturned a longstanding and widespread practice to which a near-unanimous body of lower court authority had adhered. Prior to *Johnson* and before Harris' conviction and sentence became final, those appellate courts to consider the question had held that the residual clauses of the ACCA and the USSG were not unconstitutionally vague. *See*, *e.g.*, *United States v. Sorenson*, 914 F.2d 173, 175 (9th Cir. 1990) (ACCA); *United States v. Presley*, 52 F.3d 64, 68 (4th Cir. 1995) (ACCA); *United States v. Hinkson*, No. 00-40537, 2001 WL 184823, *1 (5th Cir. Feb. 1, 2001). Third, the Supreme Court disapproved a practice that the Supreme Court had sanctioned in the past in *James*[5] and *Sykes*[6]. Accordingly, the Court finds that Harris' *Johnson* claim was not reasonably available and, thus, Harris has shown cause for his default.

The Court further finds that Harris has shown actual prejudice. In fact, in its response, the government concedes that if *Johnson* were applicable, Harris may be able to establish prejudice. To establish prejudice, a petitioner must show that there is a reasonable probability that, without the error, the result of the proceedings would have been different. *See Strickler v. Greene*, 527 U.S. 263, 289 (1999). If *Johnson* is applicable, the career offender enhancement would not apply, and Harris would face a much lower USSG range, which would likely result in a lower sentence.

Accordingly, because Harris has shown both cause and prejudice, the Court finds Harris' *Johnson* claim is not procedurally defaulted.

---

[5]*James v. United States*, 550 U.S. 192 (2007).

[6]*Sykes v. United States*, 564 U.S. 1 (2011).

B.    Retroactivity

The government also asserts that Harris' *Johnson* claim is untimely.  28 U.S.C. § 2255(f)

provides, in pertinent part:

> **(f)** A 1-year period of limitation shall apply to a motion under this
> section.  The limitation period shall run from the latest of –
>> **(1)** the date on which the judgment of conviction becomes
>> final;
>>
>>      *             *             *
>>
>> **(3)** the date on which the right asserted was initially
>> recognized by the Supreme Court, if that right has been newly
>> recognized by the Supreme Court and made retroactively
>> applicable to cases on collateral review; . . . .

28 U.S.C. § 2255(f)(1),(3).  The government contends that *Johnson* does not retroactively apply to

vagueness claims in relation to the residual clause set forth in the USSG.  Harris contends that

*Johnson* does retroactively apply to his claim.

The normal framework for determining whether a new rule applies to cases on collateral

review arises out of the Supreme Court's opinion in *Teague v. Lane*, 489 U.S. 288 (1989).

> Under *Teague*, as a general matter, new constitutional rules of
> criminal procedure will not be applicable to those cases which have
> become final before the new rules are announced.  *Teague* and its
> progeny recognize two categories of decisions that fall outside this
> general bar on retroactivity for procedural rules.   First, [n]ew
> *substantive* rules generally apply retroactively.   Second, new
> watershed rules of criminal procedure, which are procedural rules
> implicating the fundamental fairness and accuracy of the criminal
> proceeding, will also have retroactive effect.

*Welch*, 136 S. Ct. at 1264 (internal quotations and citation omitted) (emphasis in original).[7]  "A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes."  *Id.* at 1264-65 (internal quotations and citation omitted).

Harris asserts that in *Welch*, the Supreme Court did not limit its holding or reasoning to ACCA cases.  In fact, Harris contends that *Welch* made clear that the relevant "category" for retroactivity purposes is the "rule," not the kind of case in which it is invoked.  Harris, therefore, asserts that the substantive rule announced in *Johnson* is categorically retroactive to all cases in which it applies, and as held in *Madrid*, *Johnson* applies to the USSG.

The government, on the other hand, contends that while *Johnson*, as applied to the ACCA, is a substantive rule, *Johnson*, as applied to the USSG, is a procedural rule.  Specifically, the government asserts that the constitutional rule announced in *Johnson*, as applied to the ACCA, renders the fifteen-year minimum sentence illegal and that change is substantive because it alters the permissible range of sentences.  Conversely, the government asserts that the constitutional rule announced in *Johnson*, as applied to the USSG, affects only the manner of determining the guideline range, one of the broad range of factors that the district court can consider in imposing a sentence, and does not alter the statutory mandatory minimum sentence that would not otherwise apply and does not elevate the statutory maximum, as is true under the ACCA.  The government asserts that a district court conducting a post-*Johnson* re-sentencing could sentence the defendant to any term of imprisonment up to the statutory maximum for the offense, even imposing the same sentence

---

[7]The government concedes that Harris' conviction was final prior to the *Johnson* decision and that *Johnson*, as applied to the career offender guideline, is a "new" rule.  Further, Harris does not contend that *Johnson* is a watershed procedural rule.  Thus, the only issue remaining is whether *Johnson* as applied to the residual clause in the USSG is a new substantive rule.

through an upward departure or variance. As such, the government asserts that the effect of the rule announced in *Johnson*, i.e., the invalidation of the residual clause, as applied to the residual clause of the USSG, does not impose a sentence upon the defendant that is beyond the State's power to impose, and is, therefore, not retroactive to cases on collateral review.

Initially, the Court would note that the Supreme Court in *Welch* unequivocally declared that *Johnson* was a "substantive decision and so has retroactive effect under *Teague* in cases on collateral review." *Welch*, 136 S. Ct. at 1265. The government has cited no case to support the position that a rule can be substantive in one context but procedural in another. Further, in *Welch*, the Supreme Court noted that "[b]y striking down the residual clause as void for vagueness, *Johnson* changed the substantive reach of the Armed Career Criminal Act, altering the range of conduct or the class of persons that the [Act] punishes." *Id*. (Internal citation and quotation omitted). The Court finds that likewise, by striking down the residual clause in the USSG, the range of conduct or the class of persons that the USSG punishes would be altered; that is, the substantive reach of the USSG would be altered just as much as was true for the ACCA. Some crimes will no longer fit the USSG's definition of crime of violence and will, therefore, be incapable of resulting in a career-offender sentencing enhancement. Thus, in those cases, application of the *Johnson* rule will operate to prohibit a certain category of punishment for a class of defendants because of their status, and, thus, substantively changes the conduct by which federal courts may enhance the sentence of a defendant under the USSG.

Additionally, although available sentences are technically controlled by statute, the USSG hardly represent a mere suggestion to courts about the proper sentences defendants should receive. "The federal system adopts procedural measures intended to make the Guidelines the lodestone of

sentencing." *Peugh v. United States*, 133 S. Ct. 2072, 2084 (2013). Further, the Supreme Court has held "[w]hen a defendant is sentenced under an incorrect Guidelines range – whether or not the defendant's ultimate sentence falls within the correct range – the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016) (internal citation and quotations omitted). The Supreme Court has recognized that "[t]he Guidelines' central role in sentencing means that an error related to the Guidelines can be particularly serious." *Id.* Finally, as the Tenth Circuit has found, the USSG "are the mandatory starting point for a sentencing determination; a district court can be reversed for failing to correctly apply them despite the ability to later deviate from the recommended range." *Madrid*, 805 F.3d at 1211. Thus, the Court finds the fact that the USSG are not mandatory is a distinction without a difference.

The circumstances of the instant case is a prime example of the true role of the USSG. The career offender enhancement Harris received under the USSG had a substantive, if not an overwhelming, effect on the actual sentence he received because it nearly tripled the advisory guideline range that the Court considered to sentence Harris (from 37-46 months to 100-120 months). Given the centrality of the USSG, it is highly unlikely that Harris would have received the same sentence if his initial advisory range had been 37-46 months.

Finally, just as in *Johnson*, invalidation of the residual clause in the USSG would have "nothing to do with the range of permissible methods a court might use to determine whether a defendant should be sentenced" as a career offender. *Welch*, 136 S. Ct. at 1265. Application of *Johnson* to the USSG will not allocate decisionmaking authority between the judge and the jury and will not regulate the evidence that the court could consider in making its decision. *Johnson* would

affect the reach of the residual clause of the USSG rather than the judicial procedures by which the residual clause of the USSG is applied. Thus, the Court finds the rule in *Johnson*, as applied to the USSG, is not procedural.

Accordingly, the Court finds that *Johnson* retroactively applies to Harris' claim and, therefore, his claim is timely under 28 U.S.C. § 2255(f)(3).

C.    Merits

It is undisputed that Harris' sentence was enhanced under the residual clause of the USSG and that under *Johnson* and *Madrid*, said residual clause is void for vagueness. Additionally, the government, in its response, makes no argument that the two prior convictions relied upon to support the career offender enhancement remain violent under USSG §4B1.2(a) without the now void residual clause. Accordingly, the Court finds that Harris' sentence should be vacated and that he should be re-sentenced without application of the residual clause.

III.   Conclusion

For the reasons set forth above, the Court GRANTS Harris' Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, VACATES Harris' sentence, and ORDERS that Harris should be re-sentenced without application of the residual clause.[8]

**IT IS SO ORDERED this 19th day of October, 2016.**



VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[8]The date for Harris' re-sentencing will be set by the Court in a separate order.